IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 3D DESIGN SOLUTIONS LLC<br><br>　　　　Plaintiff,<br><br>v.<br><br>CADENCE DESIGN SYSTEMS, INC. and<br>STMICROELECTRONICS, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 3D DESIGN SOLUTIONS LLC files this Original Complaint against Defendants CADENCE DESIGN SYSTEMS, INC. and STMICROELECTRONICS, INC., alleging as follows:

### I.  THE PARTIES

1.     Plaintiff 3D DESIGN SOLUTIONS LLC ("3DD" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business in Frisco, Texas.

2.     Upon information and belief, CADENCE DESIGN SYSTEMS, INC. ("CADENCE" or "Defendant") is a Delaware corporation with a corporate office located in Plano, Texas. CADENCE may be served with process by serving its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX  75201.

3.     Upon information and belief, STMICROELECTRONICS, INC. ("STMICRO" or "Defendant") is a Delaware corporation with a principal place of business in Coppell, Texas. STMICRO may be served with process by serving its Registered Agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX  75201.

## II.   JURISDICTION AND VENUE

4.      This is an action for infringement of a United States patent.  Federal question jurisdiction over such action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a).

5.      3DD is a subsidiary of Acacia Research Group LLC ("ARG"), a Texas limited liability company.  Both ARG and 3DD maintain their principal places of business in Frisco, Texas.

6.      ARG, formerly known as Acacia Patent Acquisition Corp., acquired exclusive rights in and to United States Patent No. 7,526,739 ("the '739 Patent") on or about September 12, 2011.

7.      By way of an exclusive license from ARG, 3DD now has exclusive rights in and to the '739 Patent, including the exclusive rights to enforce the '739 Patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

8.      Upon information and belief, Defendants have had minimum contacts with the Dallas Division of the Northern District of Texas such that this venue is fair and reasonable.  Defendants have committed such purposeful acts and/or transactions in this district that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity.  Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Dallas Division of the Northern District of Texas.

9.      For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   PATENT INFRINGEMENT

10.      On April 28, 2009, the '739 Patent was duly and legally issued for "Methods and Systems for Computer Aided Design of 3D Integrated Circuits."  A true and correct copy of the '739

Patent is attached hereto as Exhibit "A" and made a part hereof.  The '739 Patent is referred to as the "Patent-in-Suit."

11.     Upon information and belief, Defendants manufacture, make, have made, import, have imported, market, sell and/or use products and/or systems that infringe one or more claims of the Patent-in-Suit.

***Infringement By Defendant CADENCE***

12.     On information and belief, CADENCE, without authority, consent, right, or license, and in direct infringement of the '739 Patent, manufactures, uses, sells, imports, and/or offers for sale systems and/or products that directly infringe one or more claims of the '739 Patent. By way of example only, CADENCE manufactures, uses, sells, and/or offers for sale software products and/or suites for use in the 3D design of integrated circuits, including its Encounter Digital Implementation system, that directly infringe at least Claim 1 of the '739 Patent.  Such products and/or suites are collectively referred to herein as the "EDI System."

13.     Further, upon information and belief, CADENCE contributes to and induces infringement by others of one or more of the claims of the '739 Patent.

14.     For example, STMICRO directly infringes at least Claim 1 of the '739 Patent because it practices the claimed invention, within the United States, using the EDI System.

15.     Upon information and belief, CADENCE had knowledge of the existence of the Patent-in-Suit since at least as early as July 2010, if not earlier.  In addition, on or about June 8, 2011, the sole inventor of the '739 Patent, Ms. Lisa McIlrath, specifically discussed the Patent-in-Suit with CADENCE representatives at the Design Automation Conference in San Diego, California.

16.     Further, on information and belief, CADENCE possessed a specific intent to induce infringement by providing, at a minimum, product specification sheets and instructions on how to use the product in a way that would infringe the '739 Patent. For example, CADENCE provided a user's guide detailing the architecture and functionality of its EDI System.

17.     Upon information and belief, the 3D-IC technology file generated by the EDI System has no substantial non-infringing uses.  By way of example only, CADENCE provides a datasheet stating that the EDI System's 3D-IC top-level netlist describes die-to-die interconnection and die-to-package interconnection.

18.     Upon information and belief, CADENCE actively induced STMICRO to infringe the '739 Patent by advertising an infringing use of its EDI System. For example, CADENCE advertises, encourages, and promotes an infringing use of its EDI System by providing a user's guide detailing its use for generating 3D technology files.

***Infringement By Defendant STMICRO***

19.     On information and belief, STMICRO, without authority, consent, right, or license, and in direct infringement of the '739 Patent, uses systems and/or products that directly infringe one or more claims of the '739 Patent. By way of example only, Defendant STMICRO's use of CADENCE's EDI System to design 3D-ICs directly infringes at least Claim 1 of the '739 Patent.

20.     Plaintiff reserves the right to assert additional claims of the '739 Patent and reserves the right to assert additional patents.

21.     Plaintiff has been damaged as a result of Defendants' infringing conduct.  Defendants are thus liable to Plaintiff in an amount that adequately compensates Plaintiff for their infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Upon information and belief, Defendants will continue their infringement of the Patent-in-Suit unless enjoined by the Court.  Defendants' infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

23.     Upon information and belief, the acts of infringement committed by one or more of the Defendants have occurred with full knowledge of the Patent-in-Suit and have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws.

24.     Plaintiff seeks relief against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused product and/or process; further, there are and will be questions of law and fact common to all Defendants that will arise in this action.

## V.  **JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.     Judgment that one or more claims of the Patent-in-Suit have been directly infringed, either literally and/or under the doctrine of equivalents, by Defendants; and/or judgment that one or more claims of the Patent-in-Suit have been indirectly infringed by others, to the extent one or more of the Defendants induced or contributed to infringement by others;

b.     Judgment that Defendants account for and compensate Plaintiff for all damages suffered by and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c.     That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its product, which is the time of filing of

5

Plaintiff's Complaint, at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

c.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d.    That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

e.    That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of the Patent-in-Suit; and

f.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   February 29, 2012.**　　　　　Respectfully submitted,

/s/ David A. Skeels
State Bar No. 24041925
Jonathan T. Suder
State Bar No. 19463350
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
skeels@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

n:\clients\mj\3d design\pleadings\complaint.doc